UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRY LaCROIX, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-766-PPS-JPK |
| DUJUAN LOTT, et al., | |
| Defendants. | |

## OPINION AND ORDER

Terry LaCroix, a prisoner without a lawyer, was ordered to show cause why the initial partial filing fee has not been paid. [DE 7.] After reviewing his response [DE 8], the case will proceed to screening under 28 U.S.C. § 1915A. He is reminded that he remains obligated to pay the full filing fee over time in accordance with 28 U.S.C. § 1915(b)(2).

As required by 28 U.S.C. § 1915A, I must screen the complaint (ECF 5) and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. LaCroix is

proceeding without counsel, and therefore I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. LaCroix is an inmate at Indiana State Prison. He alleges that on August 11, 2021, he had an "initial call" scheduled with an attorney whose representation he was seeking.[1] At approximately 7:55 a.m., an officer came to his cell and asked if he had a tablet so he could make the call. He responded that he did not. The officer went and got Sergeant Larry Haskell, and the two of them "spent 5 minutes trying to figure out what to do." Mr. LaCroix told them to either take him to the "rec cage" or to another area of the prison that had a telephone. They took him to the rec cage, and he called the attorney but got no answer. He ultimately reached a secretary who told him he would have to reschedule the call. Afterward, he told Sergeant Haskell that he had "violated [his] 6th Amendment right to [an] attorney" by making him late for the call. The sergeant responded that he did not know about the call until 15 minutes after it was scheduled to occur. Mr. LaCroix claims that his counselor, Amber Suida, and Lieutenant Dujuan Lott were notified about the call in advance but did not make proper arrangements for him to call the attorney in a timely fashion.

---

[1] The complaint was originally filed on August 8, 2023, within the two-year limitations period that applies to claims brought under 42 U.S.C. § 1983. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). It was unsigned, but Mr. LaCroix was given an opportunity to correct this deficiency in accordance with Federal Rule of Civil Procedure 11(a), which he did. [DE 2; DE 5.] I will presume for purposes of this opinion that the signed complaint "relates back" to the original, as it is identical in all respects other than the signature. *See* FED. R. CIV. P. 15(c).

He alleges that the actions of Sergeant Haskell, Counselor Suida, and Lieutenant Lott caused him to "lose this attorney" and thus violated his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments. He seeks monetary damages for "physical, mental, and emotional injuries," and also asks that the defendants be required to pay "all fees and cost[s] of my multiple cases including attorney fees." [DE 5 at 5.]

It is not entirely clear from Mr. LaCroix's allegations why he was consulting with the attorney, but it appears he wanted the attorney to represent him in connection with a number of civil lawsuits challenging the conditions of his confinement, which he later filed on his own. *See, e.g., LaCroix v. Holcomb, et al.*, 3:22-CV-193-JD-MGG (N.D. Ind. closed Feb. 1, 2023); *LaCroix v. Neal, et al.*, 3:22-CV-617-DRL-MGG (N.D. Ind. filed Aug. 1, 2022); *LaCroix v. Neal, et al.*, 3:22-CV-985-RLM-MGG (N.D. Ind. filed Nov. 30, 2022); *LaCroix v. Neal, et al.*, 3:23-CV-315-DRL-MGG (N.D. Ind. filed Apr. 21, 2023); *LaCroix v. Neal, et al.*, 3:23-CV-363-DRL-MGG (N.D. Ind. filed May 3, 2023); *LaCroix v. Neal, et al.*, 3:22-CV-364-DRL-MGG (N.D. Ind. filed May 3, 2023). However, Mr. LaCroix had no Sixth Amendment right to counsel to file a civil lawsuit.[2] *Diggs v. Ghosh*, 850 F.3d 905, 911 (7th Cir. 2017); *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). Nor does the Constitution guarantee him "an unqualified right . . . to have access to a telephone," *Boriboune v. Litscher*, 91 F. App'x 498, 499 (7th Cir. 2003), or to due process protections in

---

[2] He does not state that he wanted to consult with the attorney about a criminal case, nor can I plausibly infer that he needed representation in a criminal case in 2021, as he has been in prison serving his current sentence since 2014. *See Lacroix v. State*, 25 N.E.3d 821 (Table), 2014 WL 6882287 (Ind. Ct. App. 2014). To the extent he wanted the attorney to assist him in mounting a collateral attack on his criminal conviction, he had no Sixth Amendment right to counsel in state post-conviction proceedings either. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

3

connection with the deprivation of one phone call. *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995).

He may be claiming a denial of his right of access to the courts. This is not an "abstract, freestanding right," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), and instead an access-to-the-courts claim hinges on whether there was prejudice to a non-frivolous legal claim. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). Thus, to state a claim, an inmate is required to "spell out" in at least minimal detail the connection between the defendant's conduct and the resulting prejudice to a potentially meritorious legal claim. *Id.* Mr. LaCroix does not allege prejudice to a potentially meritorious legal claim as a result of his missing this one phone call. Indeed, I cannot infer from his allegations that the attorney declined to take his case (or cases) solely because of the missed call, as he states that the attorney's secretary simply told him to reschedule. He does not include factual content to explain what happened later with respect to his attempt to retain this attorney, and as stated above, he went on to file a number of civil lawsuits on his own. I cannot plausibly infer prejudice from what he has alleged.

Additionally, denial of access to the courts must be intentional; "an allegation of simple negligence will not support a claim that an official has denied an individual of access to the courts." *Snyder v. Nolen*, 380 F.3d 279, 291 n. 11 (7th Cir. 2004). Mr. LaCroix does not plausibly allege that the defendants intentionally interfered with his right of access to the courts; rather, he claims they failed to adequately plan for a scheduled phone call, an allegation sounding in negligence. To the extent he is claiming that internal prison procedures were not followed with respect to the phone call, this does

4

not state a federal claim. *Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations").

He also claims their conduct amounted to "cruel and unusual punishment." [DE 5 at 4.] In evaluating an Eighth Amendment claim, I must conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison employee leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Id.*; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). This is a high standard. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to allege an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021).

I cannot conclude that being late for one call with a prospective attorney amounts to "the denial of the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. Nor does he plausibly allege anything approaching criminally reckless conduct by the defendants that impacted his health or safety. Instead, he describes

5

conduct in the vein of (at most) negligence, which does not state an Eighth Amendment claim. *Hildreth*, 960 F.3d at 425.

Therefore, his complaint does not state a claim for relief. Although it appears unlikely he can state a constitutional claim based on this incident, "litigants in this circuit are ordinarily given the chance to amend their pleadings once as a matter of course" before a case is dismissed. *Newson v. Superior Ct. of Pima Cnty.*, 784 F. App'x 964, 965 (7th Cir. 2019); *see also Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). In the interest of justice, I will give him an opportunity to file an amended complaint if, after reviewing this order, he believes he can state a plausible constitutional claim based on this incident, consistent with the allegations he has already made under penalty of perjury.

For these reasons, the Court:

(1) **GRANTS** the plaintiff until **January 16, 2024**, to file an amended complaint; and

(2) **CAUTIONS** him that if he does file an amended complaint by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A.

**SO ORDERED** on December 18, 2023.

　/s/ Philip P. Simon　
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT