UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRY LaCROIX,

    Plaintiff,

        v.           Cause No. 3:23-CV-766-PPS-JEM

DUJUAN LOTT, *et al.*,

    Defendants.

## OPINION AND ORDER

Terry LaCroix, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. [DE 10.] As required by 28 U.S.C. § 1915A, I must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. LaCroix is proceeding without counsel, and therefore I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. LaCroix is an inmate at Indiana State Prison. As with his original complaint, he alleges that on August 11, 2021, he had a 7:30 a.m. phone call scheduled with an

attorney whose representation he was seeking.[1] At approximately 7:55 a.m., an officer came to his cell and asked if he had a tablet so he could make the call. He responded that he did not. The officer went and got Sergeant Larry Haskell, and the two of them "spent the next 5 minutes trying to figure out what to do." Mr. LaCroix told them to take him to another area of the prison that had a telephone. They did so, and also gave him the number to call. He then called the attorney but got no answer. He called his brother and enlisted his help, but when his brother called to reschedule he was told by an employee in the attorney's office that "since this lawyer was one of the best in the state . . . his workload was full and they weren't taking new clients."

Afterward, he asked Sergeant Haskell why he didn't get him at 7:20 a.m. so he could make the phone call on time. Sergeant Haskell responded that he did not know about the call until 15 minutes after it was scheduled to occur. Mr. LaCroix claims that Sergeant Haskell and his supervisor Lieutenant Dujuan Lott both received an email on the afternoon of August 10 advising them about the call, but they allegedly did not make proper arrangements for the call to occur promptly at 7:30 a.m.

He has added new information about Lieutenant Lott in his amended complaint, claiming that this officer engaged in a "campaign of harassment" against him. Among other things, he claims Lieutenant Lott told him he "wasn't a man," let other inmates

---

[1] The original complaint was filed on August 8, 2023, just before the expiration of the two-year limitations period that applies to claims brought under 42 U.S.C. § 1983. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). I will presume for purposes of this opinion that the amended complaint "relates back" to the original. *See* FED. R. CIV. P. 15(c).

2

steal his belongings, denied him a lightbulb, denied him a "spork," denied him a towel for 14 days, and required him to submit to a drug test even though he does not work in the prison's internal affairs department. He claims Lieutenant Lott directed Sergeant Haskell to "make [him] miss this attorney call," and that their actions violated his rights under the First, Fifth, Sixth, and Fourteenth Amendments.[2] He seeks $1 million in compensatory and punitive damages. [DE 5 at 5.]

Turning first to the Sixth Amendment, Mr. LaCroix claims that he wanted the attorney to represent him "on his criminal case, and his civil cases, & his small claims." He had no Sixth Amendment right to counsel to file a civil lawsuit. *Diggs v. Ghosh*, 850 F.3d 905, 911 (7th Cir. 2017); *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). Although he mentions a criminal case, public records reflect that he has been in prison serving his current sentence since 2014, and I cannot plausibly infer from his minimal allegations that he was facing criminal charges in 2021. *See Lacroix v. State*, 25 N.E.3d 821 (Table), 2014 WL 6882287 (Ind. Ct. App. 2014). To the extent he wanted the attorney to help him mount a collateral attack on his criminal conviction, he had no Sixth Amendment right to counsel in post-conviction proceedings either. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). He has not alleged a plausible Sixth Amendment claim.

Inmates have a First Amendment right to communicate with others outside the prison. *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). However, this right is subject to

---

[2] He also invokes the Ninth Amendment, but that Amendment "is a rule of interpretation rather than a source of rights." *Goodpastor v. City of Indianapolis*, 736 F.3d 1060, 1075 (7th Cir. 2013).

reasonable limitations and does not guarantee an inmate "an unqualified right . . . to have access to a telephone." *Boriboune v. Litscher*, 91 F. App'x 498, 499 (7th Cir. 2003). Mr. LaCroix does not allege that he was cut off from all phone calls with people outside the prison; rather, he describes one phone call that occurred later than scheduled. Even with respect to that phone call, it is evident from his allegations that prison staff tried to facilitate the call, following his advice about where the call could be made in another area of the prison. They cannot be held liable merely because the attorney was busy with other matters at that point and could not speak with him. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("public employees are responsible for their own misdeeds but not for anyone else's"). He has not alleged a plausible First Amendment claim based on these facts. Likewise, one delayed phone call is not the type of significant and atypical hardship that would give rise to due process protections under the Fourteenth Amendment.[3] *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995).

He may also be claiming a denial of his right of access to the courts. Inmates have a right of access to the courts grounded in the First and Fourteenth Amendments, but this is not an "abstract, freestanding right." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Instead, it hinges on whether there was prejudice to a non-frivolous legal claim. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). Thus, to state a claim, an inmate is required to "spell out" in at least minimal detail the connection between the defendant's

---

[3] He also invokes the Fifth Amendment Due Process Clause, but this applies to federal actors. *Vandenboom v. Strohmeyer*, No. 23-2405, 2024 WL 322036, at *2 (7th Cir. Jan. 29, 2024). The Fourteenth Amendment Due Process Clause is the source of rights where, as here, the defendants are state actors. *Id.*

4

conduct and the resulting prejudice to a potentially meritorious legal claim. *Id.* Mr. LaCroix does not plausibly allege prejudice to a potentially meritorious legal claim as a result of this one belated phone call. Indeed, I cannot infer from his allegations that the attorney declined to take his case (or cases) solely because of the missed call, as he states that the attorney's employee said the attorney was too busy to take new clients.

He also appears to claim that he was subjected to unlawful retaliation in violation of the First Amendment. To state a claim, he must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Whitfield v. Spiller*, 76 F.4th 698, 707-08 (7th Cir. 2023).

On the first prong, Mr. LaCroix does not clearly describe what it is he did that caused Lieutenant Lott to retaliate against him. Not all speech by a prisoner is protected, including speech that is "disruptive" or "confrontational," violates prison policies, or amounts to "backtalk." *Id.* at 708. If Mr. LaCroix engaged in that type of speech, it does not trigger a First Amendment claim. Filing a lawsuit qualifies as protected activity, *Holleman v. Zatecky*, 951 F.3d 873, 879 (7th Cir. 2020), and he mentions having filed a small claims suit against Lieutenant Lott about missing property. However, public records reflect that this case was filed in March 2023, almost two years after the incident with the phone call. *See LaCroix v. Lott*, No. 46D03-2303-SC-326 (LaPorte Sup. Ct. filed Mar. 2, 2023). I cannot infer that Lieutenant Lott retaliated

5

against Mr. LaCroix in August 2021 for a lawsuit he filed in 2023.[4] He has not alleged a plausible retaliation claim.

Therefore, the amended complaint does not state a claim upon which relief can be granted. "Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* (citation omitted). I already gave Mr. LaCroix an opportunity replead, yet the amended complaint suffers from many of the same problems as the original. I find no basis to conclude that if given another opportunity, he could assert a plausible constitutional claim based on this incident, consistent with the allegations he has already made under penalty of perjury.

For these reasons, the case is **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. The Clerk is **DIRECTED** to close this case.

---

[4] I have also considered whether he may be referring to one the multiple lawsuits he filed in this District, but the earliest of them was filed in March 2022, well after the incident with the phone call. *See LaCroix v. Holcomb, et al.*, 3:22-CV-193-JD-MGG (N.D. Ind. closed Feb. 1, 2023); *LaCroix v. Neal, et al.*, 3:22-CV-617-DRL-MGG (N.D. Ind. filed Agu. 1, 2022); *LaCroix v. Neal, et al.*, 3:22-CV-985-RLM-MGG (N.D. Ind. filed Nov. 30, 2022); *LaCroix v. Neal, et al.*, 3:23-CV-315-DRL-MGG (N.D. Ind. filed Apr. 21, 2023); *LaCroix v. Neal, et al.*, 3:23-CV-363-DRL-MGG (N.D. Ind. filed May 3, 2023); *LaCroix v. Neal, et al.*, 3:22-CV-364-DRL-MGG (N.D. Ind. filed May 3, 2023).

**SO ORDERED** on February 13, 2024.

/s/ Philip P. Simon
PHIIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT